UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMMETT SPOONER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | |
| **SID GAUTREAUX, ET AL** | **NO. 11-89-C-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 14 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, June 20, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMMETT SPOONER, ET AL** | **CIVIL ACTION** |
| **VERSUS** | |
| **SID GAUTREAUX, ET AL** | **NO. 11-89-C-M2** |

## MAGISTRATE JUDGE'S REPORT

In the present suit filed under 42 U.S.C. §1983, plaintiffs, Emmett Spooner, Sr. and Cheryl W. Spooner (collectively "plaintiffs"), allege that they purchased 100% interest in a property located in Baton Rouge, Louisiana, from Daniel and Tanya Pritchard ("the Pritchards") via a quit claim deed filed with the 19th Judicial District Court, Parish of East Baton Rouge. They further contend that defendant, Capital One National Association, Inc. ("Capital One"), owned a mortgage on such property and that plaintiffs sought to pay Capital One for that mortgage. Plaintiffs allege that Capital One "rejected the offers and sought to claim and sell 100% interest of the property although its claim was essentially half of the value of the property."

Plaintiffs contend that Capital One then sought a consent judgment of foreclosure on the property in state court by filing documents indicating that the Pritchards consented to the judgment of foreclosure, even though Capital One allegedly "knew that the Pritchards had signed the quit claim deed to the benefit of the [p]laintiffs."[1] Plaintiffs further contend that they were not provided notice of the consent judgment proceedings. The consent judgment was allegedly rendered by the state court on November 21, 2007 and filed into

---

[1] Plaintiffs contend that they informed one of the attorneys for Capital One of their 100% ownership interest in the subject property "in advance of the materially false consent judgment being obtained" in state court. They note, in fairness, however, that the consent judgment was actually obtained by another attorney within the firm, which attorney allegedly did not review the entire file or consult with the lead attorney that plaintiffs had contacted and advised of their ownership interest.

1

the public record of the 19th Judicial District Court. Subsequently, the case was purportedly transferred to a different state district judge, who signed a judgment of foreclosure over the objection of the plaintiffs. Plaintiffs allege they challenged that judgment of foreclosure as an absolute nullity via a state court law suit, which was "never heard on the merits,"[2] and a sheriff's sale of the subject property was held over the plaintiffs' objections. Plaintiffs have now filed the present suit in federal court challenging the sheriff's sale, sheriff's title, and state court judgment on the basis that they are null and void and that Capital One obtained such judgments in violation of plaintiffs' 5th and 14th Amendment rights to due process and equal protection. Plaintiffs seek a declaration that they are entitled to "full and clear title to the property" in question and that the sheriff's foreclosure process is unconstitutional as it relates to their case as well as an award of damages and an injunction restraining Capital One and the East Baton Rouge Parish Sheriff from enforcing the alleged illegally obtained judgment and sheriff's sale.

Plaintiffs' suit is subject to dismissal because the U.S. Fifth Circuit Court of Appeals has held that *Younger* abstention mandates a district court's dismissal of a suit filed in federal court to block the enforcement of a prior state court judgment on the basis that such judgment is null.[3]  *See Health Net, Inc. v. Wooley*, 534 F.3d 487, 494 (5th Cir. 2008). In

---

[2] *See*, Status Report, R. Doc. 7, p. 3.

[3] Under the abstention doctrine set forth by the U.S. Supreme Court in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), "federal courts should not 'interfere with state court proceedings' by granting equitable relief- such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings" when the state forum provides an adequate avenue for relief. *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001)(quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999). This refusal to exercise federal jurisdiction arises from a desire to "avoid undue interference with states' conduct of their own affairs". *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999). For *Younger* abstention to be appropriate, three (3) elements must exist: (1) interference with an ongoing state judicial proceeding; (2) involvement of important state interests; and (3) an adequate opportunity afforded in the state court proceedings to raise the federal claims. *Id.* When all of the elements mandating abstention exist, courts may, and should, address the application of *Younger* abstention *sua sponte*. *Bellotti v. Baird*, 428 U.S. 132, 143 n. 10, 96

2

*Health Net*, the plaintiff, after receiving an adverse verdict in state trial court, appealed the verdicts and awards to the Louisiana Court of Appeals, and sought an injunction in both federal district court and the state trial court declaring the verdicts a nullity under Louisiana law, claiming that the judgments were obtained by fraud or ill practices. *Id.*, at 491. The U.S. Fifth Circuit held that, although the federal district court had jurisdiction over the matter, it should have abstained from exercising that jurisdiction in part under the principles set forth in *Younger*. *Id.*, at 497.

The Fifth Circuit recognized that Health Net's complaint, like the plaintiffs' complaint herein, alleged a Section 1983 claim, which "implicated Louisiana's post-judgment proceedings, namely, the appellate process and the trial court's authority to annul a judgment obtained through fraud or ill practices." *Id.*, at 494-495. The Fifth Circuit further found that Health Net's claims implicated the important state interest "in administering certain aspects of their judicial systems, [including] enforcing the orders and judgments of their courts." *Id.* The *Health Net* court further reasoned that *Younger* abstention allows federal courts to avoid interpreting state laws that would result in the "unwarranted determination of federal constitutional questions," particularly where the state provides a forum for the claim and may be able to resolve the issue on state law grounds." *Id.*, at 495. The Fifth Circuit held that Health Net's claim implicated the constitutionality of state regulations, a challenge for which Louisiana offered a forum, and because the state should

---

S.Ct. 2857, 49 L.Ed.2d 844 (1976).

The policies of *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved. Proceedings necessary for the vindication of important state policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation. Where vital state interests are involved, a federal court should abstain unless state law clearly bars the interposition of the constitutional claims. *Surety Corp. of America v. Cannizzaro*, 2011 WL 1870096, *4 (E.D.La. 2011), citing *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997).

3

have the opportunity to interpret its laws and "because the federal courts should not interfere with the important interest Louisiana has in effecting its system of reviewing judgments, on appeal and through nullity actions, the principles of *Younger* required abstention." *Id.*, at 495-97.

Applying the Fifth Circuit's reasoning in *Health Net* to the present case, since plaintiffs are seeking a declaration herein that the state trial court's consent judgment of foreclosure and the sheriff's sale conducted pursuant to that judgment are nullities (as well as an injunction restraining the enforcement of that judgment and sale and a declaration that the sheriff's foreclosure process is unconstitutional), any judgment by this Court in that regard would infringe upon the State's important interest in reviewing and enforcing its own orders and judgments, on appeal and through nullity actions[4] (and upon the State's interest in interpreting the constitutionality of the sheriff's foreclosure process). As a result, this Court is required to abstain from exercising jurisdiction under *Younger*.[5][6]

---

[4] Plaintiffs have not alleged or presented any evidence demonstrating that, after the state trial court purportedly failed to review their state court nullity action on the merits, they sought any recourse through the State's appellate court system. Under *Younger*, the state appellate courts should have the opportunity to review plaintiffs' allegations that the consent judgment of foreclosure and the related sheriff's sale are null and void, and this Court is to abstain from exercising jurisdiction while the matter is still pending in the state court system. The matter is considered to still be pending in the state court system until the State's highest court has denied the plaintiffs relief on their claims. *Tremel v. Bierman & Geesing, L.L.C.*, 251 F.Supp.2d 40, 45, n. 6 (D.D.C. 2003).

[5] As discussed above, *Younger* typically requires federal courts to abstain only when there is a *pending* state court proceeding concerning the same issues as the federal litigation. In the present case, the plaintiffs' complaint and status report do not make clear whether his state court proceedings seeking to nullify the foreclosure consent judgment and the sheriff's sale are still pending. He simply states that the state trial court did not consider his nullity suit on the merits, and he has not alleged whether or not the state trial court issued a judgment in that state nullity suit and, if so, whether he appealed that judgment to the state appellate courts. The U.S. Supreme Court has held that *Younger* abstention applies in situations where a state court judgment has become final because the federal court plaintiff failed to appeal the original state court judgment within the state court system. *See, Guarino v. Larsen*, 11 F.3d 1151, 1157 (3rd Cir. 1993), citing *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 609-610, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975). The Supreme Court feared that, if it refrained from applying *Younger* abstention whenever litigants chose not to appeal in state courts, litigants would then have an incentive to refrain from appealing in state court so that they could turn to federal court. *Id.* Thus, even assuming the plaintiffs do not presently have any state court nullity proceedings pending because the state trial court dismissed their nullity suit and that decision became final by virtue of the plaintiffs' failure to appeal to the state appellate

4

# RECOMMENDATION

For the above reasons, it is recommended that this Court should **ABSTAIN** from exercising jurisdiction in this matter and that this suit should be **DISMISSED WITHOUT PREJUDICE**.[7]

Signed in chambers in Baton Rouge, Louisiana, June 20, 2011.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

courts, *Younger* abstention nevertheless applies herein in light of the Supreme Court's decision in *Huffman*. *See, also, Moore v. City of Asheville, N.C.*, 396 F.3d 385 (4th Cir. 2005)("Even though no state proceedings were pending when [plaintiff] filed his federal complaint- because he had let the times for appeal lapse- we conclude that his efforts in this case to cast aspersion on state processes and to annul the results of administrative proceedings were properly barred by the district court under *Younger-Huffman*").

[6] Additionally, to the extent plaintiffs contend that the state trial court's alleged failure to review the merits of their state nullity action was an adverse judgment that they are seeking to have reviewed herein, this case is subject to dismissal pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prohibits federal courts from exercising subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Turner v. Cade*, 2009 WL3817007 (5th Cir. 2009), quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

[7] *See, Anderson v. Schultz*, 871 F.2d 762 (8th Cir. 1989)(Dismissal without prejudice is appropriate when a district court abstains under *Younger*); *Brown v. Arkansas Dept. Of Human Services*, 2011 WL 1564022 (8th Cir. 2011)("[D]ismissal based upon the *Younger* abstention doctrine ordinarily should be without prejudice"); *Shipula v. Texas Dept. of Family Protective Services*, 2011 WL 1882521 (S.D.Tex. 2011)(holding that claims should be dismissed with prejudice because, not only did the Court abstain from exercising jurisdiction under *Younger*, but it also had an alternative basis for dismissing the claims with prejudice on the merits); *Lawson v. Wilson*, 2011 WL 1549435 (E.D.Ky. 2011)(noting that Fourteenth Amendment due process claims were subject to dismissal without prejudice under *Younger* abstention doctrine); *Wade v. Bradley County Sheriff's Office*, 2010 WL 5439774 (E.D.Tenn. 2010)(same); *Dallas Bellagio Partners, LLC v. City of Dallas, Tex.*, 2010 WL 1141388 (N.D.Tex. 2010)(same); *Verbal v. Krueger*, 2010 WL 276644 (M.D.N.C. 2010)("[T]o avoid any possible unfair prejudice to [the plaintiff's] legal rights that might be attributable to the fact that a non-attorney has attempted to litigate on his behalf, the better course here would be to dismiss this action without prejudice [based upon *Younger*], notwithstanding the Court's conclusion that [the plaintiff] has no realistic prospect of asserting a substantial claim for injunctive relief as to his ongoing state [ ] case").